

**EXHIBIT A**

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
# CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

| | |
|---|---|
| MARGARET ALLEN<br>**Plaintiff** | **CASE NO.** CV25126125 |
| V. | **JUDGE** TIMOTHY MCCORMICK |
| MARZETTI MANUFACTURING COMPANY<br>**Defendant** | **SUMMONS**  SUMC  CM<br>Notice ID: 58381415 |

| From: | MARGARET ALLEN                P1<br>20120 LORAIN ROAD, APARTMENT 406<br>FAIRVIEW PARK OH 44126 | Atty.: | CHRISTOPHER P. WIDO<br>3 SUMMIT PARK DRIVE STE 200<br>INDEPENDENCE, OH 44131-0000 |
|---|---|---|---|
| To: | MARZETTI MANUFACTURING COMPANY   D1<br>25900 FARGO AVENUE<br>BEDFORD HEIGHTS OH 44126 | | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 10/10/2025                       By_____
                                                          **Deputy**

CMSN130



# Cuyahoga County Clerk of Courts
## Nailah K. Byrd

**Multilingual Notice:**

You have been named as a defendant in this Court. You must file an answer within 28 days; if you fail to answer, the Court may enter judgment against you for the relief stated in the Complaint. Seek assistance from both an interpreter and an attorney. Your inability to understand, write, or speak English will not be a defense to possible judgment against you.

1. **Spanish (US)**
   ***Aviso multilingüe:

   Este Tribunal lo ha declarado como acusado. Debe presentar una respuesta en un plazo de 28 días. Si no contesta en dicho plazo, el Tribunal podrá dictar sentencia en su contra por el amparo que se detalla en la demanda. Solicite la ayuda de un intérprete y de un abogado. Su incapacidad para comprender, escribir o hablar inglés no se considerará como defensa ante una posible sentencia en su contra.

2. **Somali**
   ***Ogeysiis luqadda badan ah:

   Waxaa laguu magacaabay sida eedeysane gudaha Maxkamadan. Waa in aad ku soo gudbisaa jawaab 28 maalmood gudahood; haddii aad ku guuldareysto jawaabta, Maxkamada laga yaabo in ay gasho xukun adiga kaa soo horjeedo ee ka nasashada lagu sheegay Cabashada. Raadi caawinta ka timid labadaba turjubaanka iyo qareenka. Karti la'aantaada aad ku fahmo, ku qoro, ama ku hadasho Af Ingiriisiga ma noqon doonto difaacida xukunkaaga suuralka ah ee adiga kugu lidka ah.

3. **Russian**
   ***Уведомление на разных языках:

   Вы были названы в качестве ответчика в данном суде. Вы должны предоставить ответ в течение 28 дней; если Ваш ответ не будет получен, суд может вынести решение против Вас и удовлетворить содержащиеся в жалобе требования. Воспользуйтесь услугами переводчика и адвоката. Тот факт, что Вы не понимаете английскую речь и не можете читать и писать по-английски, не является препятствием для возможного вынесения судебного решения против Вас.

4. **Arabic**

   ***ملاحظة متعددة اللغات:

   لقد تم اعتبارك مدعى عليه في هذه المحكمة. يجب أن تقدم ردا خلال 28 يوما؛ وإذا لم تقم بالرد، فقد تصدر المحكمة حكما ضدك بالتعويض المنصوص عليه في هذه الشكوى القضائية. اطلب المساعدة من مترجم فوري ومحام. فلن تعد عدم قدرتك على فهم اللغة الإنجليزية أو كتابتها أو تحدثها دفاعا لك أمام الحكم المحتمل ضدك.

5. **Chinese (Simplified)**
   ***多語版本通知：

   您在本法庭已被列为被告。您必须于28日内递交答辩状；如果没有递交答辩状，法庭会针对诉状中声明的补救措施对您作出不利判决。请向口译人员和律师寻求帮助。您无法理解、书写或说英语的情况不能作为对您可能作出不利判决的辩护理由。

Justice Center, 1st Floor • 1200 Ontario Street • Cleveland, Ohio 44113-1664 • 216.443.7950

Ohio Relay Service 711 • Website: coc.cuyahogacounty.us

NAILAH K. BYRD
1200 Ontario
Cleveland, OH 44113

Case# CV25126125

RETURN RECEIPT REQUESTED ELECTRONICALLY

9314 8001 1300 3552 2697 81

MARZETTI MANUFACTURING COMPANY
25900 FARGO AVE
BEDFORD HEIGHTS OH 44146-1302



**NAILAH K. BYRD
CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT
October 9, 2025 16:11**

By: CHRISTOPHER P. WIDO 0090441

Confirmation Nbr. 3640845

MARGARET ALLEN                                 CV 25 126125

vs.

MARZETTI MANUFACTURING COMPANY        **Judge:** TIMOTHY MCCORMICK

**Pages Filed:** 15

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| MARGARET ALLEN<br>20120 Lorain Road<br>Apartment 406<br>Fairview Park, Ohio 44126, | ) ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF** |
| MARZETTI MANUFACTURING<br>COMPANY<br>25900 Fargo Avenue<br>Bedford Heights, Ohio 44126, | ) ) ) ) ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve Also:**<br>MARZETTI MANUFACTURING<br>COMPANY<br>c/o Matthew R. Shurte, Registered<br>Agent<br>380 Polaris Parkway<br>Westerville, Ohio 43082 | ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff Margaret Allen, by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

**PARTIES, JURISDICTION, & VENUE**

1. Allen is a resident of the city of Fairview Park, Cuyahoga County, Ohio.

2. Marzetti Manufacturing Company ("Marzetti") is a domestic corporation that does business at 25900 Fargo Avenue, Bedford Heights, Ohio 44126.

3. Marzetti is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

4. Marzetti hires citizens of the State of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Marzetti comports with due process.

5. All of the material events alleged in this Complaint occurred in Cuyahoga County.

6. Personal jurisdiction is proper over Marzetti pursuant to R.C. § 2307.382(A)(1)&(3).

7. Venue is proper pursuant to Civ. R. 3(C)(1),(3), and (6).

8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

9. On or about July 14, 2025, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue letter to Allen regarding Allen's EEOC charge of discrimination.

10. On or about March 6, 2025, the Ohio Civil Rights Commission ("OCRC") issued a Notice of Right to Sue letter to Allen regarding Allen's OCRC charge of discrimination.

11. Allen has properly exhausted her administrative remedies pursuant to R.C. § 4112.052.

## FACTS

12. Allen is a former employee of Marzetti.

13. On or around December 19, 2011, Marzetti hired Allen.

14. Marzetti employed Allen as a Purchasing Buyer.

15. As a Purchasing Buyer, Allen's primary job responsibility was to order materials and supplies to meet production needs based on inventory levels.

16. Allen suffers from fibromyalgia.

17. Allen's fibromyalgia is a physical impairment.

18. Allen's fibromyalgia causes her to suffer widespread body pain and fatigue.

19. Allen's fibromyalgia substantially limits one or more major life activities, including standing, walking, and lifting, and substantially limits one or more major bodily functions, including musculoskeletal and neurological functions.

20. Allen has a record of fibromyalgia.

21. As a result of Allen's fibromyalgia, Allen is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).
22. Beginning around April 2023, Marzetti assigned Allen the physical inventorying of five materials in the warehouse ("Inventory Task").
23. The Inventory Task required an employee to walk to the materials stored in the warehouse and count materials by hand.
24. At times, Allen found the Inventory Task difficult to complete because the amount of walking required exacerbated her fibromyalgia symptoms.
25. From April to November 2023, the Inventory Task took Allen less than two hours to complete each month.
26. From April to November 2023, Allen spent less than 5% of her worktime to complete the Inventory Task.
27. Allen spent the majority of her work hours completing tasks using a computer at her desk while seated.
28. The Inventory Task was not an essential function of Allen's job as a Purchasing Buyer.
29. In practice, the Purchasing Buyer job's essential functions were ordering materials and monitoring inventory levels; physically walking the warehouse to count five items twice per month consumed less than five percent of Allen's work time and was not essential.
30. In or around December 2023, Allen's fibromyalgia symptoms worsened.
31. In or around December 2023, Allen's fibromyalgia prevented her from completing the Inventory Task without an accommodation.
32. In or around December 2023, Allen requested a modification to her job duties from Ania Ejsmont.
33. Ejsmont was Allen's direct supervisor.
34. Ejsmont did not participate in the decision to hire Allen.
35. When discussing her need for accommodations, Allen disclosed to Ejsmont that she suffered from fibromyalgia.

36. Allen requested that the Inventory Task be reassigned to another employee. ("Inventory Task Reassignment")

37. Allen's proposed Inventory Task Reassignment was a request for accommodation for her disability.

38. Allen's Inventory Task Reassignment was reasonable.

39. Allen's Inventory Task Reassignment would not cause Marzetti an undue hardship.

40. Ejsmont encouraged Allen to submit a formal request for the Inventory Task Reassignment through Marzetti's third-party human resources.

41. On or around December 28, 2023, Allen formally requested the Inventory Task Reassignment through Marzetti's third-party human resources and disclosed her fibromyalgia.

42. On or around January 16, 2024, Marzetti denied the Inventory Task Reassignment.

43. Before denying Allen's Inventory Task Reassignment, Marzetti failed to determine whether Allen's Inventory Task Reassignment would cause Marzetti an undue hardship.

44. Marzetti has no contemporaneously created documents reflecting any effort to determine whether Allen's Inventory Task Reassignment would cause an undue hardship.

45. Before denying Allen's Inventory Task Reassignment, Marzetti failed to determine the cost of Allen's Inventory Task Reassignment.

46. Marzetti has no contemporaneously created documents reflecting any effort to determine the cost of Allen's Inventory Task Reassignment.

47. Before denying Allen's Inventory Task Reassignment, Marzetti failed to determine the cost of providing any accommodation besides Allen's Inventory Task Reassignment.

48. Marzetti has no contemporaneously created documents reflecting any effort to determine the cost of providing any accommodation besides Allen's Inventory Task Reassignment.

49. Marzetti has no contemporaneously created documents reflecting any effort to seek outside funding to cover the cost of any undue financial hardship.

50. In response to Allen's Inventory Task Reassignment, Marzetti failed to participate in any interactive process.

51. Marzetti failed to provide Allen with an alternative accommodation in response to Allen's Inventory Task Reassignment.

52. Marzetti could have provided the Inventory Task Reassignment as a reasonable accommodation.

53. On or about January 18, 2024, Allen opposed the denial of her proposed Inventory Task Reassignment and requested a meeting to discuss further.

54. On or about January 22, 2024, Allen met with Ejsmont and Human Resources Manager Erica Vega to discuss the Inventory Task.

55. On or about January 22, 2024, Allen opposed the denial of her proposed Inventory Task Reassignment.

56. Allen reiterated that this was a relatively easy and short-duration task for an employee who was not suffering from the symptoms of fibromyalgia.

57. Allen asked that Marzetti reconsider her request for the Inventory Task Reassignment.

58. In the alternative, Allen requested alternative job modifications, such as finding a way to allow her to perform the task that did not require her to walk so much. (collectively, "Alternative Job Modifications")

59. Allen also proposed that Marzetti move the five materials closer together and/or closer to the warehouse entrance to reduce the walking required to complete the Inventory Task.

60. Allen further proposed that Marzetti permit her to use an electric scooter or other mobility aid in the warehouse to reduce the walking required to complete the Inventory Task.

61. Allen requested time off to stabilize her symptoms and requested permission to take days off when her symptoms prevented her from performing the Inventory Task.

62. Despite being on notice that Allen might require time off for a Family and Medical Leave Act ("FMLA") qualifying reason, Marzetti failed to provide Allen with notice of her FMLA rights, including the

eligibility and rights-and-responsibilities notice required by 29 C.F.R. § 825.300(b)–(c), and failed to issue any designation notice under § 825.300(d).

63. Allen remained open to other alternative suggestions by Marzetti.

64. Allen's proposed Alternative Job Modifications were requests for an accommodation for her disability.

65. Allen's proposed Alternative Job Modifications were reasonable.

66. Allen's proposed Alternative Job Modifications would not cause Marzetti an undue hardship.

67. On or about January 30, 2024, Marzetti denied all of Allen's Alternative Job Modification suggestions.

68. Before denying Allen's Alternative Job Modifications, Marzetti failed to determine whether Allen's Alternative Job Modifications would cause Marzetti an undue hardship.

69. Marzetti has no contemporaneously created documents reflecting any effort to determine whether Allen's Alternative Job Modifications would cause an undue hardship.

70. Before denying Allen's Alternative Job Modifications, Marzetti failed to determine the cost of Allen's Alternative Job Modifications.

71. Marzetti has no contemporaneously created documents reflecting any effort to determine the cost of Allen's Alternative Job Modifications.

72. Before denying Allen's Alternative Job Modifications, Marzetti failed to determine the cost of providing any accommodation besides Allen's Alternative Job Modifications.

73. Marzetti has no contemporaneously created documents reflecting any effort to determine the cost of providing any accommodation besides Allen's Alternative Job Modifications.

74. Marzetti has no contemporaneously created documents reflecting any effort to seek outside funding to cover the cost of any undue financial hardship.

75. Alternatively, Marzetti failed to offer Allen the opportunity to pay for any financial hardship that would result from Allen's Alternative Job Modifications.

76. Marzetti failed to engage in any conversation with Allen for any alternative options for Allen's Alternative Job Modifications.

77. In response to Allen's Alternative Job Modifications, Marzetti failed to participate in any interactive process.

78. Marzetti failed to provide Allen with an alternative accommodation in response to Allen's Alternative Job Modifications.

79. Marzetti could have relocated the warehouse items as a reasonable accommodation.

80. Marzetti could have allowed Allen to use an electric scooter or other mobility aid as a reasonable accommodation.

81. On or about January 30, 2024, Marzetti terminated Allen's employment.

82. Marzetti terminated Allen within approximately fourteen days of her initial accommodation and time-off requests.

83. Marzetti's stated justification for terminating Allen's employment was her inability to complete the Inventory Task.

84. Marzetti's stated reason for terminating Allen is a pretext for disability discrimination because the Inventory Task was not an essential function of Allen's job.

85. Marzetti's stated reason for terminating Allen is a pretext for disability discrimination because Allen could have performed the Inventory Task if Marzetti had provided her with a reasonable accommodation.

86. Marzetti's stated reason for terminating Allen is a pretext for FMLA retaliation.

87. Marzetti failed to provide, or even recommend, any reasonable accommodation for Allen's disability.

88. Allen's termination was a direct consequence of Marzetti's failure to engage in the interactive process to identify a reasonable accommodation that would have allowed Allen to continue performing the Inventory Task.

89. Allen was terminated in retaliation for Allen's opposition to the denial of her request for an accommodation.

90. Marzetti knew that terminating Allen's employment would cause Allen harm, including economic harm.

91. Marzetti willfully terminated Allen's employment.

92. Marzetti willfully took an adverse employment action against Allen.

93. Marzetti willfully took an adverse action against Allen.

94. As a direct and proximate result of Defendants' conduct, Allen suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF OHIO R.C. § 4112.02(A).

95. Allen restates each and every prior paragraph of this Complaint as if it were fully restated herein.

96. Allen suffers from fibromyalgia.

97. At all times referenced herein, Marzetti knew that Allen was disabled and/or regarded Allen as disabled.

98. Despite her disabling condition, Allen was fully competent and qualified for the Purchasing Buyer position and could perform her essential job duties with or without accommodation.

99. After learning of Allen's disability, Marzetti refused to provide Allen with any accommodation and terminated Allen's employment when Allen requested accommodations and asserted Marzetti's obligation to engage in an interactive process.

100. The Inventory Task was not an essential function of the Purchasing Buyer position.

101. Marzetti's discriminatory conduct toward Allen violated Ohio R.C. § 4112.02(A).

102. As a result of Marzetti's discrimination in violation of Ohio R.C. § 4112.02(A), Allen has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Allen to injunctive, equitable, and compensatory monetary relief.

103. As a result of Marzetti's discrimination in violation of Ohio R.C. § 4112.02(A), Allen has suffered mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

104. In its discriminatory actions as alleged above, Marzetti acted with malice or reckless indifference to Allen's rights, thereby entitling Allen to an award of punitive damages.

105. To remedy the violations of Allen's rights secured by Ohio R.C. § 4112.02(A), Allen requests that the Court award the relief prayed for below.

## COUNT II: RETALIATION IN VIOLATION OF OHIO R.C. § 4112.02(I).

106. Allen restates each and every prior paragraph of this Complaint as if it were fully restated herein.

107. Ohio R.C. § 4112.02(I) makes it unlawful "[f]or any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section."

108. Allen engaged in protected activity by requesting accommodations and by opposing Marzetti's refusal to engage in an interactive process and denial of those accommodations.

109. After Allen engaged in protected activity, Marzetti terminated Allen's employment.

110. Marzetti's conduct violated Ohio R.C. § 4112.02(I).

111. As a result of Marzetti's retaliation in violation of Ohio R.C. § 4112.02(I), Allen has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Allen to injunctive, equitable, and compensatory monetary relief.

112. As a result of Marzetti's retaliation in violation of Ohio R.C. § 4112.02(I), Allen has suffered mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

113. In its retaliatory actions as alleged above, Marzetti acted with malice or reckless indifference to Allen's rights, thereby entitling Allen to an award of punitive damages.

114. To remedy the violations of Allen's rights secured by Ohio R.C. § 4112.02(I), Allen requests that the Court award the relief prayed for below.

## COUNT III: UNLAWFUL TERMINATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT

115. Allen restates each and every prior paragraph of this Complaint as if it were fully restated herein.

116. Allen suffers from fibromyalgia.

117. At all times referenced herein, Marzetti knew that Allen was disabled and/or regarded Allen as disabled.

118. Despite her disabling condition, Allen was fully competent and qualified for the Purchasing Buyer position and she was capable of performing her essential job duties with or without accommodation.

119. After learning of Allen's disability, Marzetti refused to provide Allen with any accommodation and terminated Allen's employment when Allen requested accommodations and asserted Marzetti's obligation to engage in an interactive process to identify a reasonable accommodation.

120. Marzetti's discriminatory conduct toward Allen violated the ADA, including 42 U.S.C. § 12112(a) and § 12112(b)(5)(A).

121. As a result of Marzetti's discrimination in violation of the ADA, Allen has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Allen to injunctive, equitable, and compensatory monetary relief.

122. As a result of Marzetti's discrimination in violation of the ADA, Allen has suffered mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

123. In its discriminatory actions as alleged above, Marzetti acted with malice or reckless indifference to Allen's federally protected rights, thereby entitling Allen to an award of punitive damages.

124. To remedy the violations of Allen's rights secured by the ADA, Allen requests that the Court award the relief prayed for below.

## COUNT IV: UNLAWFUL RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

125. Allen restates each and every prior paragraph of this Complaint as if it were fully restated herein.

126. The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a).

127. The ADA further provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of her having exercised or enjoyed, any right granted or protected by this chapter." 42 U.S.C. § 12203(b).

128. Marzetti violated the ADA's anti-retaliation provisions when it responded to Allen's protected requests for accommodation and her protected opposition to the denial of accommodation by terminating her employment within days of her protected activity.

129. Marzetti's conduct violated 42 U.S.C. § 12203(a) and (b).

130. As a result of Marzetti's retaliation in violation of the ADA, Allen has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Allen to injunctive, equitable, and compensatory monetary relief.

131. As a result of Marzetti's retaliation in violation of the ADA, Allen has suffered mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

132. In its retaliatory actions as alleged above, Marzetti acted with malice or reckless indifference to Allen's federally protected rights, thereby entitling Allen to an award of punitive damages.

133. To remedy the violations of Allen's rights secured by the ADA, Allen requests that the Court award the relief prayed for below.

## COUNT V: UNLAWFUL RETALIATORY TERMINATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT.

134. Allen restates each and every prior paragraph of this Complaint as if it were fully restated herein.

135. At all times referenced herein, Marzetti was a covered employer under the FMLA.

136. At all times referenced herein, Allen was eligible for FMLA leave by virtue of her years of employment with Marzetti.

137. On or about January 2024, Allen requested time off for a potentially FMLA-qualifying reason.

138. Requesting time off for a potentially FMLA-qualifying reason is protected activity under 29 U.S.C. § 2615 and 29 C.F.R. § 825.220(c); the Sixth Circuit confirms that an employee's request for FMLA leave is protected even if ultimate entitlement is disputed. See *Milman v. Fieger & Fieger, P.C.*, 13 F.4th 467, 472–74 (6th Cir. 2021).

139. Allen did not have to use magic words or specifically mention the FMLA as part of her leave request to have engaged in protected activity under the act. *Id.*

140. Thereafter, Marzetti retaliated against Allen by terminating her employment within days of her request, in violation of 29 U.S.C. § 2615(a).

141. Marzetti's violation of the FMLA was egregious and blatant, and Marzetti did not act in good faith in believing its conduct was lawful.

142. As a direct and proximate result of Marzetti's wrongful conduct, Allen is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT VI: UNLAWFUL INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT.

143. Allen restates each and every prior paragraph of this Complaint as if it were fully restated herein.

144. At all times referenced herein, Marzetti was a covered employer under the FMLA.

145. At all times referenced herein, Allen was eligible for FMLA leave by virtue of her years of employment with Marzetti.

146. Allen's fibromyalgia was a "serious health condition" as defined by 29 U.S.C. § 2611(11).

147. On or about January 2024, Allen notified Marzetti that she needed time off for a potentially FMLA-qualifying reason.

148. When an employer learns that an employee's leave may be FMLA-qualifying, the employer must provide eligibility and rights-and-responsibilities notice within five business days and must advise the employee regarding any medical certification, including the time to provide it. 29 C.F.R. § 825.300(b)–(c); § 825.305(b); § 825.303(b).

149. Before terminating Allen, Marzetti failed to provide the eligibility and rights-and-responsibilities notice, failed to request or allow medical certification, and failed to issue any designation notice. 29 C.F.R. § 825.300(b)–(d).

150. Marzetti also denied Allen's request for FMLA leave by refusing time off and by terminating her employment before she could take continuous or intermittent leave, thereby interfering with, restraining, and denying the exercise of FMLA rights. 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220(b).

151. Marzetti's interference prejudiced Allen because it denied her the substantive right to take FMLA leave, the right to job restoration following leave, and the wages and benefits that would have accrued during protected leave.

152. As a direct and proximate result of Marzetti's unlawful conduct, Allen is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Margaret Allen requests judgment in her favor against Defendant, containing the following relief:

(a) An order directing Marzetti to place Allen in the position she would have occupied but for Defendants' unlawful treatment of her, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Allen;

(b) An award against Defendant of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Allen for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment, plus an additional equal amount in liquidated damages;

(c) On Counts I-IV only, an award against Marzetti of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Sander for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries

(d) On Counts I-IV only, an award of punitive damages;

(e) On Counts V and VI only, an award of liquidated damages;

(f) An award of costs that Allen has incurred in bringing this action, as well as Allen's reasonable attorneys' fees to the fullest extent permitted by law; and

(g) Awarding such other and further relief that this Court deems necessary and proper.

Respectfully submitted,

/s/ Chris P. Wido
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
3 Science Park Drive, Suite 200
Independence, Ohio, 44131
Phone: (216) 364-1330
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Margaret Allen*

## JURY DEMAND

Plaintiff Margaret Allen demands a trial by jury by the maximum number of jurors permitted.

/s/ Chris P. Wido
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S LAW FIRM**